IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL D. VAN DEELEN, | ) |
| | ) |
|     Plaintiff. | ) |
| | ) |
| v. | )    Case No. 04-989-CV-W-GAF |
| | ) |
| CITY OF KANSAS CITY, MISSOURI, | ) |
| et. al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Presently before this Court is a Motion for Default Judgment filed by the Plaintiff, Michael D. Van Deelen ("Van Deelen"). (Doc. #13). Van Deelen asserts that he is entitled to a default judgment because an error on the Court's Electronic Case Files (commonly known as "ECF") resulted in the Defendants' untimely response to Van Deelen's complaint. Id. The Defendants oppose this Motion. (Doc. #14, #19). For reasons set forth more completely below, Van Deelen's Motion for Default Judgment is DENIED.

## DISCUSSION

**I.    Facts**

Van Deelen served all of the Defendants with a request for a "Waiver of Service of Summons." Van Deelen dated the request "11/1/4 [sic]." (Doc. #5, #10). On November 19, 2004, the following Defendants returned an executed "Waiver of Service of Summons" to Van Deelen: Rick Brisbin, Wayne Cauthen, City of Kansas City, Missouri, John Franklin, Roy Greenway, Beth Lacey, Richard Razniak, Patrick Reisenbichler, Gail Roper, John Thigpen (collectively "City of Kansas City Defendants") (Doc. #5). The ECF caption for Document #5 stated that Van Deelen sent his request for a "Waiver of Service

1

of Summons" on November 16, 2004 and required the City of Kansas City Defendants to file their answers by January 15, 2005. Id. The City of Kansas City Defendants filed their answers on January 5, 2005. (Doc. #15).

On December 3, 2004, the remaining Defendants returned an executed "Waiver of Service of Summons" to Van Deelen: City of Kansas City, Missouri, Human Resources Board, Margaret Evans, Lawrence Franklin, and Joseph Moreland (collectively "Human Resources Board Defendants"). (Doc. #10). The ECF caption for Document #10 stated that Van Deelen sent his request for a "Waiver of Service of Summons" on December 1, 2004 and required the Human Resources Board Defendants to file their answers by January 31, 2005. Id. On January 3, 2005 a "Correction of Event and Answer Deadline" was entered by Bill Terry on ECF with respect to Document #10. This caption provided:

> CORRECTION OF EVENT AND ANSWER DEADLINE - The docket entry for document #10 shows the date sent for the Waiver of Service as 12/01/04. The answer due date was computed based on the date of 12/01/04. However, the date sent that appears on the Waiver of Service is 11/01/04. The correct date of mailing for the Waiver of Service that should appear in the docket text for document number 10 is 11/01/04. The answer due date, based on FRCP 4, is 60 days from the date the Waiver of Service was mailed. The date for the answer due that appears in the docket text is incorrect. It should be computed as 60 days from 11/01/04. (Terry, Bill) (Entered: 1/03/2005).

The Human Resources Board Defendants filed their answer on January 3, 2005. (Doc. #11).

## II. Standard

Fed. R. Civ. P. 4(d)(3) governs this dispute and provides:

A defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent, or 90 days after that date if the defendant was addressed outside any judicial district in the United States.

2

Here, all of the Defendants timely returned an executed "Waiver of Service of Summons" before being served with process. As all of the Defendants reside within a United States' judicial district, the Defendants were required by Fed. R. Civ. P. 4(d)(3) to serve an answer to Van Deelen's complaint within 60 days after the date on which the request for waiver of service was sent. The "Waiver of Service of Summons" states that the request was sent on "11/1/4 [sic]." Presumably, the request was sent to all Defendants on November 1, 2004. Pursuant to Fed. R. Civ. P. 4(d)(3), the Defendants had 60 days from November 1, 2004, to file an answer to Van Deelen's complaint. Adhering to the provisions of Fed. R. Civ. P. 6(a)[1] which governs the computation of time, the Defendants' answers were due on Friday, December 31, 2004. However, the OBM had designated Friday, December 31, 2004 as a federal holiday as New Year's Day fell on a Saturday. As December 31, 2004 was observed as a federal holiday, the Defendants' answers were due on Monday, January 3, 2004.

### III. Analysis

The ECF caption for Document #10 provided that the Human Resources Board Defendants were required to file their answers by January 31, 2005. The "Correction of Event and Answer Deadline" filed with respect to Document #10 provided that the Human Resources Board Defendants were required to

---

[1] The computation of time is governed by Rule 6(a) which provides in relevant part:
"In computing any period of time prescribed or allowed by these rules . . . the day of the act . . . from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. As used in this Rule . . . "legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held."

file their answers within 60 days from November 1, 2004. The Human Resources Board Defendants filed their answers to Van Deelen's complaint within 60 days from November 1, 2004 as these Defendants filed their answers on Monday, January 3, 2004. As the Human Resources Board Defendants filed their answer within the time period prescribed by Fed. R. Civ. P. 4(d)(3), Van Deelen's Motion for Default Judgment with respect to the Human Resources Board Defendants is DENIED.

The ECF caption for Document #5 provided that the City of Kansas City Defendants were required to file their answers by January 15, 2005. The "Correction of Event and Answer Deadline" filed by Bill Terry only addressed the computation of time for Document #10. Pursuant to Fed. R. Civ. P. 4(d)(3), the answer date should have been January 3, 2005. The City of Kansas City Defendants filed their answer on January 5, 2005. Due to the miscalculation of time on ECF, the Court finds that the City of Kansas City Defendants have shown the requisite cause to justify a minimal extension of time to file their answer to Van Deelen's complaint. Furthermore, the Court finds that Van Deelen was only trivially prejudiced by this two day delay. As such, Van Deelen's Motion for Default Judgment with respect to the City of Kansas City Defendants is DENIED.

Based on the foregoing, Van Deelen's Motion for Default Judgment (Doc. #13) is DENIED IN ITS ENTIRETY.

**IT IS SO ORDERED.**

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: July 20, 2005