# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **MICHAEL D. VAN DEELEN,** ) | |
| ) | |
| **Plaintiff.** ) | |
| ) | |
| v. ) | Case No. 04-989-CV-W-GAF |
| ) | |
| **CITY OF KANSAS CITY, MISSOURI,** ) | |
| **et. al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This action came for trial before the Court, the Honorable Gary A. Fenner, United States District Court Judge, presiding, from February 21, 2006 through February 28, 2006. The question before the Court for trial was whether the City of Kansas City's residency policy was unconstitutionally vague and ambiguous. Having considered the evidence and arguments presented by the parties, the Court now finds the following:

## FINDINGS OF FACT

1. The City of Kansas City, Missouri ("City") had a residency policy in effect throughout the Plaintiff's employment which required all City employees to have their true, fixed and permanent home within the city limits of Kansas City, Missouri.

2. The Plaintiff was aware of the requirements of the City's residency policy.

3. The Plaintiff's true, fixed and permanent home throughout his employment with the City was the home he shared with his family in Eudora, Kansas.

1

4. The Plaintiff was never told by a representative of the City's Human Resources Department that he could satisfy the City's residency policy by renting an apartment in Kansas City, Missouri and staying in that apartment on nights prior to work days. The Court finds the Plaintiff's testimony to the contrary to be neither credible nor truthful.

5. There was no evidence that a City employee who maintained an apartment in Kansas City, Missouri and a home with his or her family outside of Kansas City, Missouri was found by the City to be in compliance with the City's residency policy.

6. Defendant Gail Roper ("Roper") never waived the City's residency requirement with respect to the Plaintiff. The Court finds that the Plaintiff fabricated the interdepartmental communication allegedly acknowledging the waiver of the City's residency requirement with respect to the Plaintiff. The Court further finds that the Plaintiff fabricated the letter from himself to Defendant Roper affirming the alleged waiver of the City's residency requirement and placed it in his personnel file surreptitiously.

7. The Plaintiff claimed to be a resident of both Eudora, Kansas and Kansas City, Missouri during the time he was employed by the City in order to fraudulently obtain educational, employment and tax benefits.

8. The Plaintiff exhibited anger and resentment towards the City and its employees. The Plaintiff's demeanor revealed controlling motives of revenge, retaliation, and a desire to harass the City and its employees.

9. The Plaintiff has a history of filing pro se litigation: Van Deelen, et al v. Martin, Case No. 2:97-CV-2358-GTV-GLR (D. Kan.) (dismissed without prejudice); Van Deelen v. Arnold-Burger et

al., Case No. 6:03-CV-1322-MLB-DWB (D. Kan.) (dismissed pursuant to Fed. R. Civ. P. 41(a)(1)); Van Deelen v. McAnany, 6:03-cv-1408-MLB-KMH (D. Kan.) (dismissed pursuant to Fed. R. Civ. P. 12(b)(1)); Van Deelen v. Shawnee Mission Un, et al., Case No. 2:03-cv-2018-CM (D. Kan.) (dismissed pursuant to Fed. R. Civ. P. 12(b)(6)); Van Deelen v. Fairchild et al., Case No. 2:05-cv-2017-KHV-DJW (D. Kan.) (dismissed pursuant to Fed. R. Civ. P. 12(b)(1)); Van Deelen v. City of Kansas City, Missouri, et al., Case No. 2:05-cv-2028-KHV-JPO (D. Kan.); Van Deelen v. Johnson et al., Case No. 2:05-cv-2052-CM-DJW (D. Kan.) (dismissed pursuant to Fed. R. Civ. P. 41(a)(1)); Van Deelen v. Johnson et al., Case No. 5:05-cv-4039-SAC (D. Kan.); Van Deelen v. Fenner, Case No. 4:06-cv-162-HFS (W.D. Mo.) (dismissed pursuant to Fed. R. Civ. P. 41(a)(1)); Van Deelen v. City of Kansas City, Missouri, et al., Case No. 04-cv-206594 (Jackson Co. Mo.).

10. Regardless of the Plaintiff's statement to the contrary at the close of his case, the Plaintiff frequently made unnecessary, irrelevant, argumentative and condescending comments thereby demonstrating a complete lack of respect and decorum towards the Court, opposing counsel and his own witnesses. The Plaintiff exhibited a proclivity to abuse the legal process by his conduct throughout the litigation.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. The Plaintiff's "void for vagueness" argument is rooted in the Due Process Clauses of the Fifth and Fourteenth Amendments. *See* Stephenson v. Davenport Cmty. Sch. Dist., 110 F.3d 1303, 1308 (8th Cir. 1997) *reh'g and suggestion for reh'g en banc denied* (May 30, 1997). A vague

3

regulation violates the Due Process Clause if it fails to provide adequate notice of prohibited conduct or is subject to arbitrary and discriminatory enforcement. Id. (internal citations omitted).

3. The City defined residency as a person's "true, fixed and permanent home and principal establishment to which whenever he is absent he has the intention of returning." *See* Sec. 2-972 of the City's Code of Ordinances; Fritzshall v. Board of Police Comm'rs, 886 S.W.2d 20 (Mo. App. 1994).

5. The implementing ordinance of the City's residency policy, Sec. 2-972 of the City's Code of Ordinances, is not unconstitutionally vague and ambiguous on its face as it existed at any time during the Plaintiff's employment.

6. Throughout the Plaintiff's employment, the City had a clear and unambiguous residency policy which was consistently applied.

7. The application of the City's residency policy to the Plaintiff did not violate any of the Plaintiff's rights under the First, Fifth, or Fourteenth Amendments of the U.S. Constitution.

8. Additionally, when a plaintiff asserts a claim against a public officer for a violation of his Constitutional rights, the public officer is protected by the doctrine of official immunity when the public officer's "conduct does not violate clearly established constitutional rights of which a reasonable person would have known." Hawkins v. Holloway, 316 F.3d 777, 787-88 (8th Cir. 2003).

9. The Court further finds that Defendants Wayne Cauthen, John Franklin, John Thigpen, Gail Roper, Richard Razniak, Beth Lacy, Rick Brisbin and Roy Greenway are protected by the doctrine of official immunity as they did not violate clearly established constitutional rights of which a

4

reasonable person would have known when they promulgated and enforced the City's residency policy and when they interpreted and applied the City's residency policy to the Plaintiff.

## JUDGMENT

Based on the foregoing, JUDGMENT should be entered in this matter IN FAVOR OF THE DEFENDANTS and against the Plaintiff. The Plaintiff shall take nothing by his Complaint and the Defendants shall have judgement for their costs expended in this action.

## ORDER TO SHOW CAUSE

The Plaintiff's conduct throughout this litigation was vexatious and abhorrent. As noted above, the evidence at trial revealed that the Plaintiff fabricated documents and gave false testimony in support of his claims. The Plaintiff verbally harassed co-counsel, the Defendants and his own witnesses. Furthermore, the Plaintiff showed a complete lack of respect and decorum towards the Court with his inappropriate and flippant remarks. Unfortunately, this respectably educated individual has established a pattern and practice of filing frivolous lawsuits against various individuals and entities, including the City of Kansas City and its employees. The Plaintiff has clearly demonstrated a willingness to abuse the judicial process for his own personal gratification.

Fortunately, the Federal Rules provide a penalty for such conduct through the imposition of sanctions pursuant to Federal Rule of Civil Procedure 11 ("Rule 11"). Pursuant to Rule 11(c), the Court may sanction a party, after notice and a reasonable opportunity to respond, for conduct which violates Rule 11(b). Rule 11(b) provides:

> By presenting to the court (whether by signing, filing, submitting or later advocating) a pleading, written motion, or other paper . . . an unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable

under the circumstances, –

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

. . .

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

The Plaintiff is HEREBY ORDERED to show cause within fifteen (15) days of the date of this Order why he should not be sanctioned pursuant to Rule 11 and the inherent authority of this United States District Court for his egregious conduct throughout the course of this litigation.

Furthermore, based on the Plaintiff's propensity for filing frivolous and vexatious pro se lawsuits, his total lack of respect and decorum, his desire to harass, and his willingness to fabricate evidence and give false testimony, all as exhibited herein, the Plaintiff is HEREBY TEMPORARILY ENJOINED from filing any pro se litigation of any nature pending this Court's ruling on sanctions. The Plaintiff is FURTHER ORDERED to show cause within fifteen (15) days from the date of this Order why he should not be permanently enjoined from filing future pro se litigation of any nature and why he should not be required to obtain counsel in any pending pro se litigation.

**IT IS SO ORDERED.**

    /s/ Gary A. Fenner
    GARY A. FENNER, JUDGE
    United States District Court

DATED: March 2, 2006